UNITED STATES U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X

Raymond Winans Jr., individually on
behalf of himself and all others similarly
situated,

                Plaintiff,

      -against-

S.C. Johnson & Son, Inc. and Sun Bum, LLC,

              Defendants.

------------------------------------------------------- X

INDEX NO. 2:22-cv-00451-GRB-ARL

**DEFENDANTS S. C. JOHNSON &
SON, INC. AND SUN BUM LLC'S
ANSWER TO PLAINTIFF'S
COMPLAINT**

## DEFENDANTS S. C. JOHNSON & SON, INC. AND SUN BUM, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants S. C. Johnson & Son, Inc. and Sun Bum LLC hereby respond to the allegations of Plaintiff Raymond Winans Jr.'s Class Action Complaint dated January 26, 2022 (the "Complaint"):

Any allegation not specifically admitted is denied. To the extent the Complaint asserts conclusions of law those conclusions require no response. To the extent a response is required to headings or unnumbered paragraphs in the Complaint, Defendants deny the factual allegations contained in them.

### NATURE OF THE ACTION

1.     Defendants admit that Sun Bum markets and sells Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray in New York and throughout the country. Defendants deny that they market or sell a product called "Sun Bum Oxy Free Zinc Oxide Sunscreen Lotion – SPF 50" or "Sun Bum After-Sun Cool Down Aloe Vera Spray." Defendants otherwise lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 1, and on that basis, deny them.

2. Defendants admit that ingredients for Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray are disclosed.

3. Defendants admit that the Center for Disease Control discloses "Facts About Benzene."[1] Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and on that basis, deny them. Defendants further state that the products are safe when used as intended.

4. To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 4, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content. Defendants further state that the products are safe when used as intended.

5. To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 5, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content. Defendants further state that the products are safe when used as intended.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis, deny them.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis, deny them.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 regarding "health-conscious consumers" and on that basis, deny them.

---

[1] https://emergency.cdc.gov/agent/benzene/basics/facts.asp

9.      To the extent Plaintiff purports to summarize, interpret, or quote Sun Bum's marketing or advertising statements with respect to the allegations in Paragraph 9, those statements speak for themselves, and Defendants deny any characterization that is inconsistent with their content.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding "health-conscious consumers" and on that basis, deny them. Defendants deny the remaining allegations in Paragraph 9.

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis, deny them.  Defendants state that the products are properly labeled.

11.      Defendants deny the allegations in Paragraph 11.

12.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis, deny them.  Defendants deny that they misrepresented the ingredients of the products.

13.      Defendants deny the allegations in Paragraph 13.

14.      Defendants deny the allegations Paragraph 14.  Defendants further state that the products are safe when used as intended.

15.      Defendants deny that Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray are in no way safe for humans and are entirely worthless.  Defendants deny any allegations Plaintiff purports to incorporate in Paragraph 15.

16.      Defendants state that insofar as the allegations in Paragraph 16 state conclusions of law, no response is required.  Defendants admit that Plaintiff purports to bring a claim for medical monitoring costs, but deny that such claim is appropriate, warranted, or that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 16.

17.     Defendants admit that Plaintiff purports to bring a class action and seeks to represent a proposed class.  Defendants deny that class treatment is appropriate or warranted. Except as otherwise stated, Defendants deny the allegations in Paragraph 17.

## FACTUAL BACKGROUND

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 regarding consumers' concerns, and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 18.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 regarding consumer behavior or reliance, and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 19.

20.     Defendants admit that the Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray product labels do not mention benzene. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 regarding "health-conscious consumers" and consumers' beliefs and on that basis, deny them.  To the extent Plaintiff purports to summarize, interpret, or quote Sun Bum's marketing or advertising statements with respect to the allegations in Paragraph 20, those statements speak for themselves, and Defendants deny any characterization of those statements that is inconsistent with their content.

21.     Defendants deny that benzene is an ingredient in Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, or Sun Bum After Sun Cool Down Spray.

22.     To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 22, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants further state

that the products are safe when used as intended.

23.    To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 23, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants further state the products are safe when used as intended.

24.    To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 24, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants further state that the products are safe when used as intended.

25.    To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 25, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants further state that the products are safe when used as intended.

26.    To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 26, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants further state that the products are safe when used as intended.

27.    To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 27, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants further state that the products are safe when used as intended.

28.    To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 28, that source speaks for itself and Defendants deny

any characterization of that source that is inconsistent with its content.  Defendants further state that the products are safe when used as intended.

29.    To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 29, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants further state that the products are safe when used as intended.

30.    To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 30, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.

31.    To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 31 that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants further state that the products are safe when used as intended.

32.    Defendants admit that Valisure LLC published a statement that alleges it found benzene present in sunscreens, but dispute any statement made by Valisure as to Sun Bum.

33.    Defendants admit that Valisure published a statement alleging that benzene had been found in sunscreen and after-sun products, including certain Sun Bum products, but dispute any statement made by Valisure as to Sun Bum.

34.    To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 34, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.

35.    To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 35, that source speaks for itself and Defendants deny

any characterization of that source that is inconsistent with its content.  Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 regarding consumer belief and behavior, and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 37.

## JURISDICTION AND VENUE

38.     Defendants state that insofar as the allegations in Paragraph 38 state conclusions of law, no response is required.  Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).  Defendants deny that class treatment is appropriate or warranted.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 regarding Plaintiff's residence in New York.  Defendants admit that SC Johnson is a Wisconsin corporation with its principal place of business in Racine, Wisconsin.  Defendants admit that Sun Bum is a Michigan limited liability company with its principal place of business in Encinitas, California.

39.     Defendants state that insofar as the allegations in Paragraph 39 state conclusions of law, no response is required.  Defendants admit that Sun Bum sells Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray in the state of New York.

40.     Defendants state that insofar as the allegations in Paragraph 40 state conclusions of law no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 regarding Plaintiff's or purported class members' residence in the Eastern District of New York, and on that basis, deny them.

## PARTIES

**Plaintiff**

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and on that basis, deny them.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 regarding Plaintiff, and on that basis, deny them. Defendants deny the remaining allegations in Paragraph 42.

**Defendants**

43.    Defendants admit that SC Johnson is a Wisconsin corporation with its headquarters and principal place of business in Racine, Wisconsin and is authorized to do business in New York.  Defendants further admit that SC Johnson owns some of the world's leading brands that distribute their products throughout the United States.  Defendants further admit that the Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray products are available for purchase at retail stores throughout New York and the United States.  Except as otherwise admitted, Defendants deny the allegations in Paragraph 43.

44.    Defendants admit that Sun Bum is a Michigan limited liability company with its headquarters and principal place of business in Encinitas, California.  Defendants further admit that Sun Bum conducts business throughout the United States, including in this District. Defendants further admit that Sun Bum is a subsidiary of SC Johnson and that Sun Bum is responsible for manufacturing, marketing, advertising, and distributing the Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray products. Except as otherwise admitted, Defendants deny the allegations in Paragraph 44

45.     Defendants admit that Sun Bum manufactures, markets, advertises, and distributes Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray throughout the United States.  Except as otherwise admitted, Defendants deny the allegations in Paragraph 45.

## CLASS ALLEGATIONS

46.     Defendants admit Plaintiff purports to bring this action on behalf of himself and others as stated, but deny the remaining allegations in Paragraph 46.

47.     Defendants admit that Plaintiff purports to represent a proposed class as stated, but deny that class treatment is appropriate.

48.     Defendants admit that Plaintiff purports to represent a proposed subclass as stated, but deny that class treatment is appropriate.

49.     Defendants admit that Plaintiff purports to refer to the putative nationwide class and New York subclass as "the Class" throughout the Complaint, but deny that class treatment is appropriate.

50.     Defendants state that insofar as the allegations in Paragraph 50 state conclusions of law, no response is required.  Defendants deny a class should be maintained.

51.     Defendants state that insofar as the allegations in Paragraph 51 state conclusions of law, no response is required.  Defendants deny that class treatment is appropriate.

52.     Defendants state that insofar as the allegations in Paragraph 52 state conclusions of law, no response is required.  Defendants deny that common questions of law and fact predominate.

53.     Defendants state that insofar as the allegations in Paragraph 53 state conclusions of law, no response is required.  Defendants deny that Plaintiff's alleged claims are typical.

54.     Defendants state that insofar as the allegations in Paragraph 54 state conclusions of law, no response is required.  Defendants deny that Plaintiff is an adequate class representative.

55.     Defendants state that insofar as the allegations in Paragraph 55 state conclusions of law, no response is required.  Defendants deny that class issues predominate over individual issues.

56.     Defendants state that insofar as the allegations in Paragraph 56 state conclusions of law, no response is required.  Defendants deny that class treatment is superior.

55.     Defendants state that insofar as the allegations in Paragraph 55[2] state conclusions of law, no response is required.  Defendants deny that a class action should be maintained.

## INJUNCTIVE CLASS RELIEF

56.     Defendants state that insofar as the allegations in Paragraph 56 state conclusions of law, no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 regarding Plaintiff, and on that basis, deny them.  Except as otherwise stated, Defendants deny the allegations in Paragraph 56.

57.     Defendants state that insofar as the allegations in Paragraph 57 state conclusions of law, no response is required.  Defendants deny that the requirements of Rule 23(a) are met.

58.     Defendants state that insofar as the allegations in Paragraph 58 state conclusions of law, no response is required.  Defendants admit that Plaintiff seeks injunctive relief, but deny that Plaintiff or any member of the putative class is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 58.

---

[2] The paragraphs in Plaintiff's Complaint are not consecutively numbered, and there are two paragraphs numbered 55 and 56.  Defendants' answer reflects the paragraph numbering in Plaintiff's Complaint.

## CLAIMS

### FIRST CAUSE OF ACTION
### VIOLATION OF NEW YORK GBL § 349
**(On Behalf of Plaintiff and New York Subclass Members)**

59.     In response to Paragraph 59, Defendants incorporate their responses to each preceding paragraph of this Answer.

60.     Defendants state that, to the extent Paragraph 60 purports to summarize or quote a statute, the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content.

61.     Defendants state that insofar as the allegations in Paragraph 61 state conclusions of law, no response is required.  Defendants admit that Plaintiff seeks monetary damages and certain injunctive relief, but deny that any relief is appropriate or warranted.

62.     Defendants state that insofar as the allegations in Paragraph 62 state conclusions of law, no response is required.  Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 regarding Plaintiff and the putative New York class members purported purchase of the Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray products, and on that basis, deny them. Defendants deny the remaining allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 regarding Plaintiff and the putative New York class members purported purchase of the Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc

50, and Sun Bum After Sun Cool Down Spray products, and on that basis, deny them.

67.    Defendants state that insofar as the allegations in Paragraph 67 state conclusions of law, no response thereto is required.  Defendants deny that they engaged in deceptive and misleading practices.

68.    Defendants deny the allegations in Paragraph 68.

### SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK GBL § 350
**(On Behalf of Plaintiff and the New York Subclass Members)**

69.    In response to Paragraph 69, Defendants incorporate their responses to each preceding paragraph of this Answer.

70.    Defendants state that, to the extent Paragraph 70 purports to summarize or quote a statute, the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content.

71.    Defendants state that, to the extent Paragraph 71 purports to summarize or quote a statute, the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content.

72.    Defendants deny the allegations in Paragraph 72.

73.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 regarding Plaintiff and the putative New York class members, and on that basis, deny them.  Defendants deny the remaining allegations in that paragraph.

74.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 regarding Plaintiff and the putative New York class members, and on that basis, deny them.

75.    Defendants deny the allegations in Paragraph 75.

76.    Defendants deny the allegations in Paragraph 76.

77.    Defendants deny the allegations in Paragraph 77.

78.    Defendants deny the allegations in Paragraph 78.

79.    Defendants deny the allegations in Paragraph 79.

**THIRD CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
**(On Behalf of Plaintiff and the Class)**

80.    In response to Paragraph 80, Defendants incorporate their responses to each preceding paragraph of this Answer.

81.    Defendants deny the allegations in Paragraph 81.

82.    Defendants deny the allegations in Paragraph 82.

83.    Defendants deny the allegations in Paragraph 83.

84.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 regarding Plaintiff and the putative class members, and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 84.

85.    Defendants deny the allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86.

87.    Defendants deny the allegations in Paragraph 87.

88.    Defendants deny the allegations in Paragraph 88.

89.    Defendants deny the allegations in Paragraph 89.

**FOURTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(On Behalf of Plaintiff and the Class)**

90.    In response to Paragraph 90, Defendants incorporate their responses to each

preceding paragraph of this Answer.

91.     Defendants admit that Sun Bum sells Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and on that basis deny them .

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

**FIFTH CAUSE OF ACTION**
**FRAUDULENT CONCEALMENT**
**(On Behalf of Plaintiff and the Class)**

96.     In response to Paragraph 96, Defendants incorporate their responses to each preceding paragraph of this Answer.

97.     Defendants deny the allegations in Paragraph 97.  Defendants further state that the products are safe when used as intended.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 regarding consumers, and on that basis, deny them. Defendants deny the remaining allegations in Paragraph 100.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 regarding consumers, and on that basis, deny them. Defendants deny the remaining allegations in Paragraph 101.  Defendants further state that the

products are safe when used as intended.

102.     Defendants deny the allegations in Paragraph 102.

103.     Defendants deny the allegations in Paragraph 103.

**SIXTH CAUSE OF ACTION**
**MEDICAL MONITORING**
**(On Behalf of Plaintiff and the Class)**

104.     In response to Paragraph 104, Defendants incorporate their responses to each preceding paragraph of this Answer.

105.     Defendants admit that Sun Bum manufactured, designed, marketed, advertised, distributed, and sold Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray.  Defendants deny the allegations in Paragraph 105 regarding medical monitoring and deny that is appropriate or necessary.  Defendants state that the products do not create a health risk when used as intended.

106.     Defendants admit that Plaintiff purports to seek medical monitoring procedures, but deny that they are appropriate or necessary.

107.     Defendants admit that Plaintiff purports to seek medical monitoring procedures, but deny that they are appropriate or necessary.  Defendants deny the remaining allegations in Paragraph 107.

108.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 regarding Plaintiff and putative class members, and on that basis, deny them.  Defendants further state that the products are safe when used as intended.

109.     Defendants deny the allegations in Paragraph 109.

110.     Defendants admit that Plaintiff demands judgment against Defendants for medical monitoring damages and other relief, but deny that judgment or any relief is appropriate or

warranted.  Defendants deny the remaining allegations in Paragraph 110.

**SEVENTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and All Class Members in the Alternative)**

111.    In response to Paragraph 111, Defendants incorporate their responses to each preceding paragraph of this Answer.

112.    In response to Paragraph 112, Defendants admit that Plaintiff purports to bring a claim for unjust enrichment on behalf of himself and consumers nationwide, but deny that Plaintiff or any consumer is entitled to such relief.

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants deny the allegations in Paragraph 114.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants deny the allegations in Paragraph 116.

117.    In response to Paragraph 117, Defendants admit that Plaintiff purports to seek the establishment of a constructive trust from which Plaintiff and putative class members may seek restitution, but deny that Plaintiff or any putative class member is entitled to such relief.

**JURY DEMAND**

Defendants deny that Plaintiff is entitled to any relief, including the relief requested in paragraphs (a) through (i) in the prayer for judgment.

**AFFIRMATIVE DEFENSES**

By asserting the affirmative defenses below, Defendants do not admit or allege that they bear the burden of proof on any matter related to any defense.  The following defenses are based on Defendants' knowledge, information, and belief at this time, and Defendants reserve the right to modify, amend, or supplement any affirmative defense and to assert other defenses as information is gathered through discovery and investigation.

-16-

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Some or all of the claims of Plaintiff and putative class members are time-barred to the extent their claims arose prior to the applicable statute of limitations periods from the filing of the Complaint.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

Plaintiff and members of the putative class lack standing because they have not suffered any cognizable injury-in-fact, including because Plaintiff and putative class members received a non-defective product consistent with the information accurately depicted on the product label. Therefore, the Court lacks subject matter jurisdiction over the claims.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction as to Out-of-State Putative Class Members)

The Court lacks personal jurisdiction over Defendants as to the claims of the out-of-state putative class members. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017). A finding of personal jurisdiction over the claims of the out-of-state putative class members would violate the Rules Enabling Act.

## FOURTH AFFIRMATIVE DEFENSE
### (No Injury or Damage)

Neither Plaintiff nor any member of the putative class has suffered any injury or damage whatsoever because the labeling for the Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray products depicted clear and accurate information regarding the character and qualities of the product. Plaintiff and putative class members, upon purchase, received a non-defective product that satisfied these representations. Defendants are not liable to Plaintiff or any member of the putative class for any injury or

damage whatsoever.

### FIFTH AFFIRMATIVE DEFENSE
### (Offset)

Any claims for damages or other monetary recovery by Plaintiff or the putative class must be offset and reduced by the value received.  Here, Plaintiff and putative class members paid a justified, lawful price for an accurately labeled product and received such a product in exchange, obtaining the value of their purchase in exchange.

### SIXTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff and putative class members are barred from recovery to the extent they would be unjustly enriched by any recovery.  They would be unjustly enriched because they received the benefit of the bargain when they allegedly purchased Sun Bum After Sun Cool Down Gel, Sun Bum Clear Zinc 50, and Sun Bum After Sun Cool Down Spray.  Specifically, Plaintiff and putative class members paid a justified, lawful price for an accurately labeled product and received such a product in exchange.

### SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy)

Plaintiff and the putative class cannot seek equitable relief because they have an adequate remedy at law for the claimed damages (if any) and do not assert that money damages are insufficient to compensate them.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Causation)

To the extent Plaintiff and the putative class have suffered any damages alleged in the

Complaint, such damages were not caused by Defendants.

## NINTH AFFIRMATIVE DEFENSE
### (Acts or Omissions)

Plaintiff and the putative class members' claims are barred because the alleged injuries or damages, if any, were not the result of any act or omission by Defendants, but were the result and were due to the acts or omissions of others over whom Defendants did not have control.

## TENTH AFFIRMATIVE DEFENSE
### (Satisfaction of Guarantees, Representations, and/or Warranties)

If any warranty, guarantee, or other representation with respect to any of the products involved in this case was made by Defendants, then each such warranty, guarantee, or representation was fully satisfied.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Conduct Reasonable, Justified)

At all times, Defendants have acted reasonably and in good faith.  Their business conduct is justified, and their business practices do not offend public policy, are not unethical, and do not cause injury to consumers.  Defendants' conduct was justified because it was undertaken pursuant to and in compliance with applicable laws and regulations and the marketing, labeling, and advertising conduct alleged in the Complaint constitute conduct otherwise permitted by law.

## TWELFTH AFFIRMATIVE DEFENSE
### (Commerce Clause)

The Complaint is barred, in whole or in part, because Plaintiff's claims violate the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3, including because they seek to impose restrictions in violation of the dormant commerce clause.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues upon which trial by jury may be had.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1.      Dismissing the Complaint with prejudice;

2.      That judgment on the Complaint, and on each cause of action herein, be entered in favor of Defendants;

3.      That this Court finds that this suit cannot be maintained as a class action;

4.      That this Court denies Plaintiff or the members of the purported class and subclass relief of any kind;

5.      That the request for equitable relief be denied;

6.      That Defendants be awarded their costs incurred, including reasonable attorneys' fees; and

7.      For such other or further relief as this Court may deem just and equitable.


Dated: April 4, 2022                          MORRISON & FOERSTER LLP


By:  */s/ Adam J. Hunt*
Adam J. Hunt
AdamHunt@mofo.com
250 West 55th Street
New York, NY  10019-9601
Telephone:  212.468.8000
Facsimile:  212.468.7900

Purvi G. Patel (*pro hac vice forthcoming*)
PPatel@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone:  213.892.5200
Facsimile:  213.892.5454


*Attorneys for Defendants*
*S. C. Johnson & Son, Inc. and Sun Bum LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April 2022, a copy of the foregoing has been served upon all counsel of record in this action by electronic service through the Court's CM/ECF system.

*/s/ Adam J. Hunt*
Adam J. Hunt